# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 05-00105-CG-N |
| DEMETRIUS LASHUN RICHARDSON, | ) |
| | ) |
| Petitioner. | ) |

## ORDER

This matter is before the court on Petitioner Demetrius Richardson's Motion to Vacate, Set Aside or Correct Sentence (Doc. 124) pursuant to 28 U.S.C. § 2255, the response of the Government (Doc. 135), and Petitioner's reply (Doc. 138).

## FACTUAL AND PROCEDURAL HISTORY

In a third superseding indictment, the Government charged that Petitioner: conspired to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 (count one); conspired to commit money laundering, in violation of 18 U.S.C. § 1956(h) (count three); intimidated and threatened a witness, in violation of 18 U.S.C. § 1512(b)(1) (count four); and obstructed justice, in violation of 18 U.S.C. § 1503 (count five).[1]  (Doc. 62)

On February 14, 2006, Petitioner, represented by counsel, filed a written plea agreement that contained an appeal waiver and the substantial assistance language pursuant to U.S.S.G. § 5K1.1, together with a detailed

---

[1] Only Petitioner's co-defendant was charged in count two.

factual resume. (Doc. 74-2)  On May 15, 2006, Petitioner pled guilty to the drug conspiracy count (count one) and the money laundering count (count three).[2]  (Doc. 114)

Prior to sentencing, Petitioner objected to certain conclusions set forth in the Presentence Investigation Report ("PSR").  Among other things, Petitioner objected specifically to any finding or enhancement that he obstructed justice or was not entitled to credit for acceptance of responsibility.  In support of his argument, Petitioner noted that he "did not plead guilty to obstruction of justice and denies facts related to any attempt to obstruct or impede the administration of justice." (Docs. 87, 92, 93).

On June 9, 2006, Petitioner appeared before this court for sentencing.  After overruling Petitioner's objections to the obstruction of justice enhancement and corresponding denial of acceptance credit, the court adopted the PSR's findings and determined Petitioner's total offense level to be 36, with a criminal history category of IV, resulting in a guideline range of 262 to 327 months.  (Doc. 117 at 32)  The Government declined to move for a downward departure under U.S.S.G. § 5K1.1. (Id. at 41).  After argument from both parties as to the appropriate sentence, this court sentenced Petitioner to a low-end sentence of 262 months as to the drug conspiracy count to be served concurrently with a 240 month-term as to the money

---

[2] At Defendant's sentencing, counts four and five were dismissed on motion of the Government.  (Doc. 117 at 46)

2

laundering count.  (Id. at 117)  Judgment was entered on June 13, 2006, and Petitioner filed a timely notice of appeal.  (Docs. 97, 100)

On direct appeal, Petitioner's appellate counsel filed an Anders brief indicating that there were no potentially meritorious appeal issues, and counsel moved to withdraw from the action.  Petitioner did not file a response.  The Eleventh Circuit's own review of the record failed to reveal any "arguable issues of merit" (Doc. 121), so the court of appeals affirmed Petitioner's conviction and sentence on April 19, 2007.  Id.  Thereafter, Petitioner timely filed the instant motion to vacate. (Docs. 124, 125)

## Habeas Standard

Habeas relief is an extraordinary remedy which "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).  A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164.  Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185 (1979).  In general, claims not raised on direct appeal may not be considered on collateral attack.  A petitioner can, however, overcome his procedural default of claims not raised on direct appeal.  The burden a petitioner must meet differs, depending upon the type of claim he raises.  First, "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a

3

complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted).  A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent.  Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990); see also Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004).

One way a petitioner may overcome a procedural default is by demonstrating that the default was due to constitutionally ineffective performance by counsel.  Cross, 893 F.2d at 1290.  To establish ineffective assistance of counsel, a petitioner "must show that his attorney's performance was deficient and that the deficiency was prejudicial." Id. However, "conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (quoting United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991)).  Furthermore, "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance." Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994).

A petitioner can establish cause for a procedural default if he can show that "some objective factor external to the defense impeded counsel's efforts

4

to comply with the . . . procedural rule," or that he received ineffective assistance of counsel with regard to that claim. Murray v. Carrier, 477 U.S. 478, 488 (1986). An attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984).

## Discussion

Petitioner claims that the attorney representing him at his guilty plea and sentencing was ineffective for two[3] reasons: (1) by not pursuing a binding guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) and (2) by failing to object to the drug quantity attributed to the Petitioner at sentencing.[4] He also

---

[3] Petitioner alleges four separate claims of ineffective assistance of counsel in his § 2255 motion. (Doc. 124 at 4, 14) However, even construing Petitioner's pro se submission liberally, see Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002), the court finds facts sufficient to support only two such claims. (Doc. 124 at 4, 15)

[4] Petitioner states that his attorney was deficient for failing to object to and delete the "last paragraph" of the plea agreement's factual resume because its inclusion resulted in an enhanced sentence. (Doc. 124 at 14) The last paragraph of the factual resume is only one sentence long, and it admits Petitioner's involvement "beyond a reasonable doubt with six kilograms of cocaine." (Doc. 74-1 at 15) It is unclear whether Petitioner's objection relates to the failure to object to the quantity of drugs (the last sentence of the factual resume) or counsel's failure to get thrown out the obstruction of justice enhancement (which is discussed in the second to last paragraph). Counsel did, in fact, object to the imposition of the 2-point obstruction of justice enhancement, (Doc. 117 at 3-10), so any such objection regarding counsel's deficiency in this regard is due to be denied. Jackson v. Sec'y, Fla. Dep't of Corr., 456 F. App'x. 827, 830 (11th Cir. 2012) ("A counsel's performance is not deficient simply because the court overruled his

5

alleges that (3) the government breached the plea agreement by including in the factual resume facts reflecting Petitioner's obstruction of justice when Petitioner did not plead guilty to that offense; (4) the government breached the plea agreement by failing to move for a downward departure at sentencing pursuant to U.S.S.G. § 5K1.1;[5] and (5) his plea was not knowing and voluntary because it was induced on the basis of false evidence and because Petitioner did not understand the consequences of the plea or the nature of the charges against him.[6] (Doc. 124 at 14)

The Government argues that Petitioner's third, fourth, and fifth claims are procedurally defaulted because they were not raised on direct appeal,

---

objection."). The court will construe Petitioner's submission liberally, and consider whether his remaining objection is well taken.

[5] Petitioner requests that this court subpoena recordings of phone conversations he had with an FBI agent to prove that he is due a downward departure. That request is denied.

[6] In addition, Petitioner raises for the first time in his reply (Doc. 138) that counsel was ineffective for failing to object to the fact that the judge failed to conform with the requirements of Fed. R. Crim. Pro. 11(b)(2) when she did not address Petitioner personally when he made his guilty plea. It is clear that this claim is one that should have been raised on direct appeal, and "arguments raised for the first time in a reply brief are not properly before a reviewing court." Mamone v. United States, 559 F.3d 1209, 1210 n.1 (11th Cir. 2009) ("Normally, we will not address an argument raised for the first time in a reply brief."); Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005). In any event, this claim is due to be denied because it is without merit. The judge did address her questions to petitioner, and not his counsel. See Fed. R. Crim. Pro. 11 advisory committee's note (1966) ("[P]ersonal interrogation of the defendant is the better practice even when he is represented by counsel."); United States v. Escamilla-Rojas, 640 F.3d 1055, 1059 (9th Cir. 2011) ("The adverb 'personally,' as used in Rule 11, indicates that 'the judge's speech is to be person to person.'" (quoting United States v. Roblero-Solis, 588 F.3d 692, 700 (9th Cir. 2009)).

that his second claim is due to be dismissed because it is precluded by the appeal waiver, and that claim one is due to be denied on the merits. For the reasons set forth below, the court agrees.

### A.     Claims Three, Four and Five are Procedurally Defaulted

The record shows that on November 17, 2006, Petitioner's appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). The Eleventh Circuit authorized defendant to file a response to counsel's Anders brief, and, at Petitioner's request, granted two extensions of time. Despite these opportunities, Petitioner never filed any response. Petitioner offers no explanation as to why he failed to submit a pro se brief in which he could have raised the government's alleged breaches of the plea agreement and argued the involuntariness of his plea. Consequently, Petitioner fails to excuse the procedural default, and these claims are due to be denied. See Lynn, 365 F.3d at 1232-33; United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

### B.     Claim Two Is Precluded by the Appeal Waiver and Meritless

Petitioner argues that his counsel was ineffective at sentencing by failing to object to the finding that Petitioner was responsible for six, rather than three, kilograms of cocaine.

A defendant may not attack the effectiveness of his sentencing counsel where there is a valid sentence appeal waiver in effect that prohibits a direct or collateral challenge on any ground. Williams v. United States, 396 F.3d

1340, 1342 (11th Cir. 2005) ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

Petitioner specifically waived his right to challenge his sentence unless the court departed upwardly from the guideline range or imposed a sentence above the statutory maximum. Neither circumstance is present here.

However, to the extent that Petitioner's claim, liberally construed, alleges a claim of ineffective assistance of counsel,[7] a review on the merits of that ground likewise affords Richardson no relief. See Patel v. United States, 252 F. App'x. 970, 974 (11th Cir. 2007) (an appeal waiver does not bar a § 2255 claim that either the defendant's plea or the appeal waiver itself is invalid due to ineffective assistance of counsel); Cowart v. United States, 139 F. App'x 206, 207-08 (11th Cir. 2005) (holding that a claim that challenges the validity of the guilty plea or the appeal waiver is not precluded by a sentence-appeal waiver).

Petitioner produces no evidence establishing that he involuntarily entered either his guilty plea or his appeal waiver. He signed the written plea agreement in which he admitted that he entered the agreement (which

---

[7] Petitioner, very generally, alleges that his counsel "did not prove on the record, and for the record that [Richardson] was in His right mind,and in a stage where [he] actually comprehendid,the legalistic proceedures of the process [he] was undergoing. The record does not reflect that [he] was shown to understant the nature of the Charges and the consequences of the Plea." (Doc. 124 at 14 (typographical errors in the original)).

8

includes the appeal waiver) freely and voluntarily. (Doc. 114 at 7-9) Further, the record reflects that during the plea colloquy, the court advised Richardson of the terms of the plea agreement, including the appeal waiver. Richardson averred under oath that he understood the waiver and the limited circumstances in which he could appeal his conviction and sentence, and that he agreed to the waiver freely and voluntarily. (Doc. 114 at 12-14) The court also notes that Richardson admitted that he was satisfied with the assistance his counsel had provided. (Id. at 7) Statements made under oath during a plea colloquy are presumed to be truthful. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Richardson presents no evidence establishing that his counsel provided ineffective assistance with respect to his plea options or the appeal waiver. Accordingly, this claim is without merit.

**C.     Claim One is Denied on the Merits**

Lastly, Petitioner argues that he was prejudiced by his counsel's failure to negotiate a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Petitioner claims his counsel misled him to pursue a non-binding plea agreement, which resulted in an enhanced sentence. (Doc. 124 at 14) However, Petitioner provides no basis for his contention that his attorney could have negotiated a more favorable plea agreement, and he fails to establish a reasonable probability that his sentence would have been different had counsel taken the actions Petitioner

9

suggests he should have. See Strickland, 466 U.S. at 694. Petitioner has directed the court to nothing in the record that could support his supposition that the Government would have agreed to a Rule 11(c)(1)(C) agreement that provided for a lesser sentence than that which was imposed or, more importantly, that the court would have accepted such an agreement had it been tendered. Accordingly, Petitioner has demonstrated neither deficient performance nor prejudice, and his unsupported and conclusory allegation is insufficient. See Lynn, 365 F.3d at 1238-39 (holding that district court was not required to hold an evidentiary hearing based on § 2255 Petitioner's mere conclusory and unsupported allegations).

## CONCLUSION

It is **ORDERED** that the petition for writ of habeas corpus filed by Demetrius Lashun Richardson is **DENIED** and that this action is hereby **DISMISSED**. The court further finds that the Petitioner is not entitled to issuance of a Certificate of Appealability, and, therefore, is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** this 9th day of April, 2013.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE